Harold E. Koreman, J.
The petition seeks an order in this proceeding directing the Board of Trustees of the University of the State of New York to rescind its resolution of May 9, 1968 as it relates to a mandatory student activity fee, or, in the alternative, to prescribe guidelines regulating the disbursement of the funds created by the activity fees by prohibiting their use for certain alleged unauthorized purposes. It is also sought to prevent disbursement of funds alleged to have been unlawfully appropriated for political and other purposes, to which members of the student body opposed to such programs and activities are compelled to give financial support, and to prevént appro *90 priations and expenditures of any additional funds for such purposes. The resolution in question authorized the student body at each State-operated campus to fix and assess upon themselves, either directly or through duly elected representatives on the student council .or other organization chosen by the student body, an annual fee for the support of programs of an educational, cultural, recreational and social nature approved by the student organization elected by and representative of the student body. The resolution also provides that every student is required to pay the activities fee upon registration, and, in any case where a student has been allowed to register without payment of the fee, the administrative officers of the particular State University campus concerned may withhold grades or transcripts of credits until such obligation has been met. Prior to the adoption of this resolution the State University operated under a student activity fee imposed and administered by the students, payment of which was purely voluntary on the part of any student. It is not disputed that the State University authorities adopted the resolution of May 8, 1968 in an attempt to make payment of the activity fee a requirement before a student could register at the University, and to change a voluntary fee, which was found to be unsatisfactory, to a mandatory fee.
The fundamental issue before the court is whether the Trustees of the University also divested themselves of any further duties ,or responsibilities relating to the use or administration of the activities fund by adopting this resolution. If the Trustees still retain control of the fund, it becomes subject to the requirements of law for disbursement of State funds since payment of the fee has been made mandatory. The Attorney-General contends on behalf .of the respondents who are the officials of the State University that they have authorized the student body to impose the fee and have no voice or control over any appropriations or expenditures of the fund. However, the Attorney-General concedes that sanctions may be imposed for failure to pay the fee, and that any appropriations made by the students from the activities fund must be limited to educational, cultural, recreational or social purposes.
In view of the requirement for payment of the activities fee before a student may be registered, and the fact that grades and transcripts may be withheld for failure to pay, the trustees have effectively established a mandatory activities fee. In the court’s opinion it cannot be said that the officials of the University have no voice or control over appropriations or expenditures of the fund since appropriations may be made by the *91 students only for the purposes permitted by the trustees. It follows, therefore, that appropriations and disbursements of the "fund may be made only in accordance with the provisions of subdivisions 3 and 4 of section 355 of the Education Law.
It is not the function of this court to pass upon the propriety of any of the programs or activities proposed or approved by the Central Council of the Student Association. Nor is it within the province of the courts to determine in each instance whether a student-sponsored program or activity is educational, cultural, recreational or social in nature. Interference in matters involving the internal affairs, administration and supervision of the State University would have the anomalous result of usurpation by the courts of the powers and duties vested in the trustees by the Legislature. (Education Law, § 355.) Since the responsibility of administration and supervision in this area rests with the trustees, appropriations or expenditures of the fund in question may not be made without the approval of the Trustees as to the purposes for such appropriations and expenditures.
Accordingly, the Central Council of the Student Association is prohibited and enjoined from expending any moneys of the fund already appropriated for student extracurricular activities, and from making any further appropriations of the fund for such activities without first obtaining the determination and approval of the Trustees as to whether they are educational, cultural, recreational or social in nature.